In the Matter of the Application of the CITY OF NEW YORK for the Appointment of the Treasurer of Such City as Receiver of Rents and Profits of Real Property in the Borough of Brooklyn. (Sec. 7, Block 2078, Lots 24–28, 33, 34.)

In the Matter of the Application of MANUFACTURERS TRUST COMPANY, as Trustee, to Vacate the Appointment of Such Receiver.

Supreme Court, Special Term, Kings County, November 6, 1942.

*Joseph L. Callahan* for the motions.

*William C. Chanler, Corporation Counsel* (*Julius Isaacs* and *Samuel K. Handel* of counsel), opposed.

SMITH, J. In a proceeding brought pursuant to chapter 745 of the Laws of 1933 (the Schackno Act), the Manufacturers Trust Company was duly appointed a successor trustee by order of the court dated May 21, 1940. The trust estate consists of

certain real property located in Kings county and includes the lots in Block 2078 as indicated in the above title.

Heretofore the city of New York became the owner of separate transfers of tax liens affecting the above-specified property. On September 17, 1942, the city procured certain orders pursuant to section 415 (1)–53.3 of the Administrative Code of the City of New York designating the City Treasurer as receiver of the rents, issues and profits of the above premises. This section provides in substance that whenever the city is the owner or holder of a transfer of tax lien it shall be entitled upon an *ex parte* application to the immediate appointment of the City Treasurer as receiver of the rents, issues and profits of the real property involved.

The trustee moves herein for a vacatur of the orders of such receivership. The propriety of the orders is questioned upon the ground that when the court appointed a trustee to act on behalf of the bondholders it thereby assumed complete jurisdiction over the *res,* and that the subsequent receivership constitutes an interference therewith. It is not my view, however, that the assumption by the court of jurisdiction, designed for the specific purpose of protecting bondholders, *ipso facto* placed the property *in custodia legis* for the exercise of a complete and plenary administration. Consequently, it is not my view that such trusteeship was for the benefit of all persons having an interest in the affected property. In the *Restatement of the Law of Trusts,* it is said at section 273 that: " Where a third person has an interest in specific trust property, such interest will be protected to the same extent as if the property were not held in trust." The comment under that section is, among other things: " Thus, if the owner of land which is subject to a mortgage creates a trust of the land, the mortgagee can protect his interest by foreclosure."

It is, therefore, my opinion that the appointment of the trustee is not to be given the inequitable effect of depriving a prior lienor of his right to a receivership pursuant to which he would be in a position to protect and preserve the income of the property for the satisfaction of his lien. Pursuant to the section above referred to, the city is entitled to the appointment of a receiver after becoming the owner and holder of a tax lien. The section is comprehensive in its effect and there is no reasonable basis herein shown, either upon the facts or the law, to conclude that property which has become vested in a trustee for the benefit of bondholders is exempted from its operation.

The motions are in consequence denied.